**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 8, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MERRILL W. ANDREWS, a/k/a
Kamanda Kamangeni,

      Defendant-Appellant.

No. 04-3010

---

**Appeal from the United States District Court**
**for the District of Kansas**
**(D.C. No. 02-CR-10073-01-JTM)**

---

Timothy J. Henry, Assistant Federal Public Defender for the District of Kansas
(David J. Phillips, Federal Public Defender, with him on the brief), Wichita,
Kansas for the Defendant-Appellant.

Brent I. Anderson, Assistant United States Attorney, (Eric F. Melgren, United
States Attorney, with him on the brief), Wichita, Kansas for the Plaintiff-
Appellee.

---

Before **LUCERO**, **ANDERSON**, and **MURPHY**, Circuit Judges.

---

**LUCERO**, Circuit Judge.

---

Merrill Andrews appeals his sentence for bank robbery imposed by a district court on remand from this court.  At Andrews' initial sentencing hearing, the district court granted a downward departure on grounds of aberrant behavior and community ties.  The government appealed this sentence and we reversed.  On remand, the district court imposed a higher sentence.  Andrews now challenges our application of a de novo standard of review in the prior appeal and claims that the district court resentenced him in violation of United States v. Booker, 543 U.S. 220 (2005).  Because the district court's non-constitutional Booker error constitutes plain error, we **REVERSE** and **REMAND** for resentencing.

## I

Arrested three times before the age of eighteen and convicted of murder at twenty-two, Andrews was released on parole after twenty-one years' imprisonment.  He returned to his hometown, joined a church, taught young men about the errors of his ways, and cared for a handicapped nephew.  However, his efforts to reintegrate himself into the community were not wholly successful, and three years after his parole, Andrews reverted to his old ways.  Donning a mask and packing an air pistol, he drove to downtown Wichita and robbed a credit union.

Andrews was arrested and pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a). With an adjusted offense level of 29 and a criminal history category of VI, Andrews faced a sentence of 151 to 188 months' imprisonment under the then-mandatory guidelines. At the sentencing hearing, pastors and friends testified to Andrews' good deeds and involvement with church and family. On the basis of this testimony, the court granted a downward departure for exceptional community support and aberrant behavior and sentenced Andrews to a term of 120 months in prison.

The government appealed the sentence, arguing that Andrews did not meet the guidelines' requirements for departures based on aberrant behavior, and that any evidence of community support was not sufficient to warrant a departure. United States v. Andrews, 353 F.3d 1154, 1155 (10th Cir. 2003) ("Andrews I"). A panel of this court agreed, and reversed and remanded with instructions to impose a sentence within the guidelines range. Id. That decision applied the de novo standard of review established by the PROTECT Act. See Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub. L. No. 108-21, 117 Stat. 650. On remand, the district court stated that Andrews I "says to sentence him within the guideline range. I think that pretty much forecloses anything that I can do outside the guideline range." The court also stated:

Mr. Andrews, I regret that I do not see anything that I can really do to assist you. Right now I'm giving you, I think, every break that I can, but as you know . . . we get an instruction like this back from the Court of Appeals . . . they gave me pretty clear directions in terms of what I'm to do in your case. . . . Obviously if things change down the road, I certainly would not be at all unhappy to see you back in here again, see what we can do for you.

The court then sentenced Andrews to 151 months in prison, the lowest possible sentence within the guidelines range.

Andrews now appeals his new sentence and argues that by applying the PROTECT Act's de novo standard of review, this court's prior judgment violated the Ex Post Facto Clause. Andrews also submitted an unopposed motion to file a supplemental opening brief addressing the impact of Blakely v. Washington, 542 U.S. 296 (2004), to his sentence. At the request of this court, the parties have since submitted supplemental briefing on the application of Booker to Andrews' sentence.

The government moves to dismiss for lack of jurisdiction, arguing that this court cannot provide relief on the Ex Post Facto claim, and therefore that the case is moot.[1] However, Andrews also presents claims under Booker. The Supreme

---

[1] Andrews suggests that the government's motion be dismissed as untimely because it was not filed within the 15-day time period required by 10th Cir. R. 27.2(a)(3). Dismissing the motion would be inappropriate because it presents jurisdictional issues. Even if the filing was untimely, we may not ignore challenges to our jurisdiction. Perales-Cumpean v. Gonzales, 429 F.3d 977, 981 n.3 (10th Cir. 2005).

Court stated that <u>Booker</u>'s constitutional and non-constitutional holdings apply "to all cases on direct review." <u>Booker</u>, 543 U.S. at 268. Andrews' appeal was on direct review at the time <u>Booker</u> was published. Thus, his case is not moot and we have jurisdiction under Article III and 28 U.S.C. § 1291.

## II

Andrews raises three issues on appeal. He asserts that this court improperly applied the PROTECT Act's de novo standard of review in the previous appeal, that application of the career offender enhancement violates the Double Jeopardy Clause of the Fifth Amendment, and that the district court committed reversible constitutional and non-constitutional <u>Booker</u> error at his second sentencing hearing.

## A

While Andrews' first appeal was pending before this court, Congress passed the PROTECT Act, changing the standard of review for sentencing decisions from an abuse of discretion standard to de novo review. Pub. L. No. 108-21, 117 Stat. 650. Andrews argues that because his appeal was pending when the Act was passed, application of the de novo standard violated the Ex Post Facto Clause.

An Ex Post Facto violation occurs only when a law "retroactively alter[s] the definition of crimes or increase[s] the punishment for criminal acts."

Boutwell v. Keating, 399 F.3d 1203, 1215 (10th Cir. 2005). In general, congressional enactments do not have retroactive effect unless the statutory language requires this result. Landgraf v. USI Film Prods., 511 U.S. 244, 264 (1994). However, changes in procedural rules may often be applied to suits arising before their enactment without raising retroactivity concerns. Id. at 275. Changes in such rules may be characterized as procedural rather than substantive if they do not "increase the punishment, nor change the ingredients of the offence or the ultimate acts necessary to establish guilt." Miller v. Florida, 482 U.S. 423, 433 (1987) (internal quotation omitted).

Every court that has addressed this issue has applied the de novo standard of review to cases where the defendant's appeal was pending at the time the PROTECT Act was passed. See, e.g., United States v. Thurston, 358 F.3d 51, 71-72 (1st Cir. 2004); United States v. Bell, 351 F.3d 672, 674-75 (5th Cir. 2003); United States v. Willey, 350 F.3d 736, 738-39 (8th Cir. 2003). Two courts have specifically held that application of the PROTECT Act does not implicate the Ex Post Facto Clause because the Act made only a procedural, and not a substantive, change in the law. United States v. Stockton, 349 F.3d 755, 764 n.4 (4th Cir. 2003); United States v. Mallon, 345 F.3d 943, 946-47 (7th Cir. 2003). We see no reason to disagree with these holdings. Andrews suffered no Ex Post Facto violation by application of the de novo standard of review.

Andrews also claims that even if application of the PROTECT Act's standard of review does not violate the Ex Post Facto clause, it should not be applied in his case. In <u>Bell</u>, the Fifth Circuit held that "if a district court departs based on a factor that . . . advance[s] the objectives set forth in [18 U.S.C.] § 3553(a)(2)," the PROTECT Act's standard of review is not triggered and courts should revert to an abuse of discretion standard. <u>Bell</u>, 351 F.3d at 676. Andrews asks that we invoke the reasoning in <u>Bell</u> and review for abuse of discretion. Even if we agreed with the Fifth Circuit's reasoning, <u>Booker</u> prevents us from following <u>Bell</u>'s dictates. As we noted in <u>United States v. Serrata</u>, 425 F.3d 886, 912 (10th Cir. 2005), <u>Booker</u> excised the PROTECT Act's provision requiring courts to review sentences de novo, as well as 18 U.S.C. § 3553(b) and "its narrow prescription for when departures are warranted." Instead, this court must review sentences for "unreasonableness." <u>Booker</u>, 543 U.S. at 264.

**B**

Andrews claims that the career offender enhancement imposed pursuant to U.S.S.G. § 4B1.1 violates the Double Jeopardy Clause of the Fifth Amendment. The Supreme Court has consistently rejected double jeopardy challenges to recidivism statutes, stating that "the enhanced punishment imposed for the later offense is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes but instead as a stiffened penalty for the latest crime, which is

- 7 -

considered to be an aggravated offense because a repetitive one." Witte v. United States, 515 U.S. 389, 400 (1995) (quotation omitted); see also United States v. Williams, 403 F.3d 1188, 1198 (10th Cir. 2005) (stating double jeopardy is not implicated when fact of a prior conviction is used in sentencing). Consideration of prior crimes under the sentencing guidelines does not change this analysis, as "[a] defendant has not been 'punished' . . . for double jeopardy purposes when relevant conduct is included in the calculation of his offense level under the Guidelines." Witte, 515 U.S. at 402. Because the career offender enhancement merely increases Andrews' penalty for his current crime, it does not violate the Double Jeopardy Clause.

Moreover, "where the legislature has authorized . . . a particular punishment range for a given crime, the resulting sentence within that range constitutes punishment only for the offense of conviction for purposes of the double jeopardy inquiry." Id. at 403-04. The bank robbery statute at issue authorizes a sentence of not more than twenty years. 18 U.S.C. § 2113(a). Andrews' sentence of 151 months was within the statutory range sanctioned by Congress. Thus, application of the career offender enhancement did not violate the Double Jeopardy Clause.

**C**

In his final claim, Andrews argues that the district court committed both reversible constitutional and non-constitutional error at his resentencing hearing. See United States v. Gonzalez-Huerta, 403 F.3d 727, 731-32 (10th Cir. 2005). His claim that the district court committed constitutional Booker error by applying the career offender sentence enhancement based on facts not found by a jury has no merit. This enhancement applies when a defendant is convicted of a crime of violence and has at least two prior felony convictions of a crime of violence. U.S.S.G. § 4B1.1(a). Andrews argues that he did not admit to any prior convictions, and that he did not admit that these crimes were "crimes of violence" for the purposes of § 4B1.1. In United States v. Moore, 401 F.3d 1220 (10th Cir. 2005), we held that neither the fact of a prior conviction nor its characterization as a "violent felony" need be proven to a jury or admitted by a defendant. As such, we hold that the district court did not commit constitutional Booker error by applying the § 4B1.1 enhancement.

Andrews' sentence does suffer from non-constitutional error. Such error occurs when a district court applies the guidelines in a mandatory fashion. Gonzalez-Huerta, 403 F.3d at 731. Because Andrews did not object to mandatory application of the guidelines at the initial sentencing hearing, we review for plain error. Id. at 732. To establish plain error, a defendant must show that the district court "(1) committed error, (2) that the error was plain, and (3) that the plain error

affected his substantial rights." United States v. Dazey, 403 F.3d 1147, 1174 (10th Cir. 2005). If plain error occurred, this court has discretion to correct that error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id.

On resentencing, the district court committed non-constitutional error by treating the guidelines as mandatory. Moreover, that error is plain as it is "clear or obvious at the time of the appeal." Gonzalez-Huerta, 403 F.3d at 732. Thus, Andrews meets the first two prongs of the plain error standard.

To establish that his substantial rights were affected, Andrews must demonstrate "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." Id. at 733. A defendant may meet this standard by establishing "a reasonable probability that, under the specific facts of his case as analyzed under the sentencing factors of 18 U.S.C. § 3553(a), the district court judge would reasonably impose a sentence outside the Guidelines range." Dazey, 403 F.3d at 1175.

There can be no stronger evidence that the result of the sentencing hearing would have been different than the fact that the district court tried to impose a lower sentence, was reversed by this court, and expressed dismay at having to impose a mandatory guidelines sentence. Further, when viewed in light of Booker, the district court's decision to impose a sentence outside the guidelines

range was not unreasonable. In Andrews I, we reversed the district court's decision to depart downward for reasons of aberrant behavior and community ties. Our decision was based on a determination that Andrews did not qualify for an aberrant behavior departure under U.S.S.G. § 5K2.20 and that his community ties were not so exceptional that a downward departure was warranted. Andrews I, 353 F.3d at 1157, 1158. Our decision that Andrews' community ties were not sufficiently exceptional to justify a downward departure was based in part on the fact that community support is a discouraged factor to be relied on only if the district court finds it "is present to an unusual degree and distinguishes the case from the 'heartland' cases covered by the guidelines." Andrews I at 1156 (quoting U.S.S.G. § 5K2.0). That decision was issued pre-Booker. "After Booker, district courts now have more discretion to tailor sentences to the individual circumstances of a defendant."[2] United States v. Trujillo-Terrazas, 405 F.3d 814, 819 (10th Cir. 2005). While the guidelines discourage consideration of certain factors for downward departures, Booker frees courts to consider those factors as part of their analysis under § 3553(a). Booker, 543 U.S.

---

[2] Without basing our decision on this fact, we also note that the current version of the sentencing guidelines no longer discourages consideration of community ties for defendants in Andrews' situation. U.S.S.G. § 5H1.6. However, on resentencing a district court must look to the version of the sentencing guidelines in effect at the time of his first sentencing. 18 U.S.C. § 3742(g)(1).

at 246 (district court is required "to consider Guidelines ranges" but is permitted to "tailor the sentence in light of other statutory concerns as well").[3]

When the district court granted the initial downward departure, it considered factors similar to those in § 3553(a). Specifically, the court addressed the history and characteristics of the defendant – both his significant criminal history and his efforts to integrate himself into the community, to provide service to his family by caring for a handicapped nephew and to mentor local youth by discussing his own childhood experiences. Because the district court already imposed a sentence outside the guidelines range, Andrews has easily demonstrated a reasonable probability that he would receive a lower sentence on remand. Given the discretion that Booker provides to the district court to consider under § 3553(a) factors previously discouraged by the sentencing guidelines, we cannot say that a district court would be unreasonable in imposing a lower sentence in this case.

---

[3] Other circuits have instructed district courts to consider circumstances which the guidelines deem disfavored factors for downward departures. See United States v. Antonakopoulos, 399 F.3d 68, 83 (1st Cir. 2005) (defendant may present claim that lower sentence was appropriate based on his position as caretaker for a brain damaged son); United States v. Haidley, 400 F.3d 642, 645 (8th Cir. 2005) (family circumstances, including two young children at home, may be considered under § 3553(a)); United States v. Spigner, 416 F.3d 708, 711-13, n.1 (8th Cir. 2005) (remanding for consideration of defendant's medical needs as required by § 3553(a)).

Under the fourth prong of the plain error test, this court may provide relief to Andrews only if he demonstrates that the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Dazey, 403 F.3d at 1178. The standard for meeting this fourth prong is "demanding," id. at 737, and will be satisfied only when a defendant can "establish[] the error is particularly egregious and that our failure to correct it would result in a miscarriage of justice." Thomas, 410 F.3d at 1249 (internal quotation omitted).

In this unusual case, the error is egregious and our failure to correct it would result in a miscarriage of justice. The court below imposed a significantly higher sentence on remand under a direct order from this court to stay within the then-mandatory guidelines. Those same guidelines are now discretionary. While non-constitutional error is "'error' only in the sense that [it] violate[s] the remedial reconstruction of the Sentencing Reform Act performed by the Booker Court," Dazey, 403 F.3d at 1174, this is the rare case where that error must be remedied. When a court exercises its judgment that a downward departure is appropriate, changes that decision only on a direct order from this court to sentence within the then-mandatory guidelines, and analysis of the § 3553(a) factors indicates that a lower sentence is not unreasonable under the new sentencing regime, our failure to permit the court to exercise the reasonable discretion it now has is unwarranted.

When determining whether the fourth prong is met, this court looks to several non-exclusive factors, including:

> a showing that the district court would likely impose a significantly lighter sentence on remand, a substantial lack of evidence to support the sentence the Guidelines required the district court to impose, and/or a showing that objective consideration of the 18 U.S.C. § 3553(a) factors warrants a departure from the sentence suggested by the Guidelines.

Thomas, 410 F.3d at 1249. The presence of the first factor takes precedence, as "the key concern [when reviewing sentencing decisions for plain error] has been whether correct application of the sentencing laws would likely significantly reduce the length of the sentence." United States v. Brown, 316 F.3d 1151, 1161 (10th Cir. 2003). We have repeatedly held that where a defendant demonstrates a strong possibility of receiving a significantly lower sentence, the fourth prong is met. See United States v. Williams, 403 F.3d 1188, 1199-1200 (10th Cir. 2005) (fourth prong satisfied when court stated its dissatisfaction with duration of sentence); United States v. Trujillo-Terrazas, 405 F.3d 814, 819 (10th Cir. 2005) (district court stated displeasure with mandatory sentence and analysis of § 3553(a) indicated lower sentence was appropriate). Andrews' initial sentence was 120 months; on remand he was sentenced to 151 months' imprisonment. The difference between these two sentences is significant. To permit such a sentence – imposed in error on the order of this court – would be a miscarriage of justice.

**III**

Because Andrews has demonstrated that it was plain error for the court to sentence him under a mandatory application of the guidelines, we **REVERSE** the district court's sentence and **REMAND** for resentencing.