**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

GABRIEL DELGADO,

      Defendant-Appellant.

No. 05-2392

(D. of N.M.)

(D.C. No. CR-05-1870-JP)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

Gabriel Delgado pleaded guilty to illegally reentering the United States in violation of 8 U.S.C. §§ 1326(a)(1) and (2). Based on the offense level of 21 and criminal history of III, Delgado fell within a sentencing range of 46 to 57 months under the United States Sentencing Guidelines (USSG). Delgado asked the court to sentence him below the guidelines range, arguing the proposed sentence of 46 months was unreasonable in part because his prior conviction was relatively minor in comparison to other potential prior convictions that produce the same

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

guidelines range. The district court denied Delgado's request and sentenced him to 46 months in prison. Delgado timely appealed the procedural and substantive reasonableness of his sentence.

Having jurisdiction under 18 U.S.C. § 3742, we AFFIRM.

## I. Background

Delgado pleaded guilty to one court of illegally reentering the United States after having been previously deported. The government's Presentence Report (PSR) revealed two prior convictions. First, in 1998 Delgado was convicted of attempted possession of marijuana for sale and sentenced to two years imprisonment in Arizona. Second, in 2000 Delgado was convicted of making a false claim to citizenship, for which he served 107 days imprisonment in New Mexico and was subsequently deported.

The PSR accordingly calculated a base offense level of eight and a 16-level enhancement for prior deportation subsequent to a conviction for a drug trafficking offense for which the sentence imposed exceeded 13 months. *See* USSG § 2L1.2(b)(1)(A)(I). After a downward adjustment for acceptance of responsibility, the PSR arrived at a total offense level of 21.

At sentencing Delgado objected to the reasonableness of the guidelines sentence range. Delgado argued the imposition of a 16-level enhancement was unreasonable:

> Surely, a 16-level bump . . . cannot be a just and fair sentence under the guidelines. . . . Were [Delgado] to have committed a murder, he would be getting a 16-level bump. Were he to be committing rapes, he would get a 16-level bump. To say that his criminal history would be the same as those that commit those crimes would be turning a blind eye to what the actual conduct is.

R. Vol. IV at 5, 6. He did not, however, suggest any specific lower sentence as reasonable.

The government defended the guidelines sentence range as reasonable and objected to a sentence below the guidelines as unreasonable under the 18 U.S.C. § 3553(a) factors. The district court "considered the sentencing guideline applications and the factors under" § 3553(a) and imposed a sentence at the bottom end of the guidelines range. *Id.* at 8. The district court concluded by saying,

> This is not an easy case, and I do think that the sentence is a long sentence, although it's the bottom of the guidelines range. Although the guidelines are no longer mandatory, the Court of Appeals has told the sentencing judges that they are normally to abide by the guideline ranges except for extraordinary circumstances, and I don't see that to apply in this case, is the reason I've chosen to stick with the guidelines, even though I think it is a very, very hard sentence.

*Id.* at 9–10.

## II. Analysis

On appeal, Delgado makes both a procedural and substantive challenge to his sentence.

-3-

*A. Procedural Reasonableness*

Delgado first argues the district court committed plain error by "applying an incorrect standard" to his request for a sentence below the guidelines range. Aplt. Br. 5. Specifically, Delgado argues that the district court effectively imposed a mandatory guideline sentence even though after *United States v. Booker* the sentencing guidelines are only advisory. 543 U.S. 220, 245 (2005). He claims the district court ran afoul of *Booker* because it "felt constrained to impose the 46-month sentence because it thought Mr. Delgado had to show 'extraordinary circumstances' to justify a non-guidelines sentence." Aplt. Br. 5.

As Delgado concedes, he did not raise this argument at sentencing, so we review only for plain error. "Plain error occurs when there is (i) error, (ii) that is plain, which (iii) affects the defendant's substantial rights, and which (iv) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007). Mandatory application of the sentencing guidelines constitutes "non-constitutional *Booker* error." *Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc). Under the fourth prong of plain error when the error is non-constitutional, as in this case, a defendant must make a "demanding" showing that allowing the error to stand would be "particularly egregious" and would constitute a "miscarriage of justice." *Id.* at 736, 737 (internal quotation omitted); *see also*

-4-

*United States v. Dowlin*, 408 F.3d 647, 671 (10th Cir. 2005); *United States v. Trujillo-Terrazas*, 405 F.3d 814, 820 (10th Cir. 2005).

For purposes of this appeal we assume, without deciding, Delgado can satisfy the first three prongs of plain error analysis. *See United States v. Goode*, 483 F.3d 676, 682 (10th Cir. 2007) (assuming first three elements of plain error while addressing the fourth prong); *see also United States v. Cotton*, 535 U.S. 625, 632–33 (2002) (assuming third prong of plain error and reaching the fourth prong); *Gonzalez-Huerta*, 403 F.3d at 736 (same); *United States v. Jackson*, 327 F.3d 273, 305 (4th Cir. 2003) (collecting cases that dispose of plain error solely on the third or fourth prong). But we will not "notice the forfeited error" unless the fairness, integrity, or public reputation of the judiciary is affected by the plain error. *United States v. Barrett*, 496 F.3d 1079, 1094 n.6 (10th Cir. 2007) (internal quotation omitted).

Delgado fails to persuade us this case would satisfy the fourth prong of plain error. Delgado must demonstrate that a failure to correct the error (1) would be "particularly egregious" and (2) would result in a "miscarriage of justice." *Gonzalez-Huerta*, 403 F.3d at 736 (internal citation omitted). We cannot say the district court's decision, absent extraordinary circumstances, to sentence Delgado at the bottom end of the applicable guidelines range is either particularly egregious or results in a miscarriage of justice.

By all measures, this is a routine case. While Delgado was subject to a sentencing enhancement, more than ample facts support the enhanced sentence at the bottom of the range. For one, Delgado's prior imprisonment for trafficking 127 pounds of marijuana easily satisfies the guidelines factor for applying the 16-level enhancement. For that crime, he was imprisoned for two years, 11 months more than required to satisfy the guidelines enhancement provision of 13 months. *See* USSC § 2L1.2(b)(1)(A)(i).

In addition, this was not Delgado's first illegal reentry. He had previously served prison time for falsely claiming citizenship, a disregard for the law he repeated when arrested for the crime at issue in this appeal. The application of a 46-month sentence, without more, does not offend justice. Even if the district court incorrectly believed it needed substantial justification to reduce the guidelines sentence, Delgado has failed to "present[] a compelling case that objective consideration of the § 3553(a) factors warrants a departure . . . from the sentence suggested by the Guidelines." *Trujillo-Terrazas*, 405 F.3d at 821. The district court ultimately considered, but rejected, Delgado's arguments for a sentence below the guidelines range, properly recognizing "the guidelines are no longer mandatory" and choosing "to stick with the guidelines." R. Vol. IV at

-6-

9–10. We thus do not conclude the sentence imposed is particularly egregious or represents a miscarriage of justice.[1]

In short, the district court did not commit plain error in sentencing Delgado.

*B. Substantive Reasonableness*

Delgado also challenges the substantive reasonableness of his sentence. We review the district court's sentence for reasonableness in light of the § 3553(a) sentencing factors. *United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006). The district court has significant discretion in sentencing, and our review for reasonableness, regardless of whether the sentence falls inside or outside the advisory guidelines, is a review for abuse of discretion. *Gall v. United States*, 128 S. Ct. 586, 597 (2007); *Rita v. United States,* 127 S. Ct. 2456, 2457 (2007).

The district court sentenced Delgado within the guidelines range. Delgado does not claim the range was improperly calculated. Our binding precedent holds that "a sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." *Kristl*, 437 F.3d at 1054; *United States v. McComb*, ___F.3d___ No. 07-5003, 2007 WL 4393142, *3 (10th Cir.

---

[1] This case is readily distinguishable from *United States v. Andrews*, 447 F.3d 806, 812 (10th Cir. 2006), where we found plain error on the fourth prong because the sentencing court "imposed a significantly higher sentence on remand under a direct order from this court to stay within the then-mandatory guidelines."

Dec. 18, 2007) (citing *Rita*, 127 S. Ct. at 2459). Nevertheless, the presumption of reasonableness "is a deferential standard that either the defendant or the government may rebut by demonstrating that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)." *Kristl*, 437 F.3d at 1054.

We do not find any abuse of discretion in the district court's sentencing of Delgado within the guidelines range. Although Delgado passingly mentions the § 3553(a) factors ("[w]hen these factors are considered, the unreasonable length of the sentence is clear," Aplt. Br. at 12), the heart of his appeal mounts a policy attack on the applicable guidelines enhancement provision. *See Kimbrough v. United States*, 128 S. Ct. 558, 574–75 (2007). At sentencing, Delgado made the well-worn argument against USSG § 2L1.2, claiming "individuals with very different criminal histories nonetheless receive the same sentence." Aplt. Br. 13. The district court considered, and rejected this argument based on the facts of this case. Because Delgado fails to explain how the § 3553(a) factors support a sentence below the guidelines, we are not persuaded that the circumstances of Delgado's sentence are special, nor "special enough that, in light of § 3553(a), they require a sentence lower than the [sentencing] the Guidelines provide." *Rita*, 127 S. Ct. 2470. The facts of this case do not fall "outside the 'heartland' to which the Commission intends individual Guidelines to apply." *Rita*, 127 S. Ct. at 2465.

Delgado's argument at sentencing, and on appeal, amounts to a disagreement with the policy considerations of the guidelines § 2L1.2 enhancement provision. If the district court would have sentenced below the guidelines "based solely on the judge's view that the Guidelines range fails properly to reflect § 3553(a) considerations," as suggested by Delgado, then "closer review may be in order." *Kimbrough*, 128 S. Ct. at 575 (internal quotation omitted). Because the district court rejected the argument and sentenced within the guidelines range, no such review is necessary in this case.

Even if a lower sentence may have been reasonable, the district court's decision to sentence Delgado to 46 months is not necessarily unreasonable. *See United States v. Begay*, 470 F.3d 964, 975 (10th Cir. 2006) ("In any given case there could be a range of reasonable sentences that includes sentences both within and outside the Guidelines range."), *cert. granted in part*, No. 06-11543, 2007 WL 1579420 (Sept. 25, 2007). Delgado fails to rebut the presumption of reasonableness of his sentence within the guidelines range. We therefore cannot conclude the district court abused its discretion in sentencing him.

### III.  Conclusion

For the foregoing reasons, we AFFIRM Delgado's sentence.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge