**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 22, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GUSTAVO GARCIA,

Defendant - Appellant.

No. 07-1520
(D. Ct. No. 1:07-CR-00232-MSK-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **HOLLOWAY**, and **SEYMOUR**, Circuit Judges.

Defendant-Appellant Gustavo Garcia pleaded guilty to possession of child pornography that had been transferred in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(5)(B). He appeals his ten-year sentence on procedural grounds, arguing that the district court used an improper legal standard when it refused to grant his motion for a downward variance. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we AFFIRM.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. BACKGROUND

Mr. Garcia was charged in a three-count indictment after more than 600 images of child pornography were located on his personal computer. He ultimately pleaded guilty to the count referenced above in exchange for the government's agreement to drop the other two charges. Thereafter, the United States Probation Office prepared a presentence report ("PSR"). The PSR determined that the advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") was 135 to 168 months' imprisonment. The PSR noted, however, that the statutory maximum for the offense to which Mr. Garcia pleaded guilty is only ten years. *See* 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Thus, the Guidelines sentence was reduced to ten years' imprisonment. *See* U.S.S.G. § 5G1.1(a).

Mr. Garcia moved for a downward variance under 18 U.S.C. § 3553(a)(1), arguing that his background and level of remorse warranted a five-year sentence. At the sentencing hearing, the district court denied the motion for a variance and imposed a ten-year sentence. On appeal, Mr. Garcia contends that his sentence is procedurally unreasonable because the district court incorrectly determined that a variance could only be imposed when it is supported by unusual circumstances.

# I. DISCUSSION

We review sentences for abuse of discretion, asking whether the sentence is procedurally and substantively reasonable. *United States v. Alapizco-Valenzuela*,

546 F.3d 1208, 1214 (10th Cir. 2008).  Procedural error includes, but is not limited to, "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  *Gall v. United States*, — U.S. —, 128 S. Ct. 586, 597 (2007).  The substantive component of our review relates to the length of the sentence.  *United States v. Hamilton*, 510 F.3d 1209, 1217–18 (10th Cir. 2007).

Mr. Garcia argues that the district court committed procedural error in failing to recognize that it had discretion to vary downward, even in a case with ordinary facts.  At the time that Mr. Garcia was sentenced, our case law required sufficiently unusual circumstances to support a variance outside of the applicable Guidelines range.  *See, e.g.*, *United States v. Garcia-Lara*, 499 F.3d 1133, 1141 (10th Cir. 2007) ("[A] sentencing court may not ignore the Guidelines calculation for the ordinary defendant and instead adopt its own sentencing philosophy.").  The Supreme Court has since abrogated this practice, stating that it rejects "an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range."  *Gall*, 128 S. Ct. at 595.  *See also United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008) (recognizing that recent Supreme Court decisions, including *Gall*, prohibit our prior framework of "[a]llowing sentencing variances only on the existence of extraordinary defendant characteristics and history") (quotations omitted).

Mr. Garcia concedes that he did not object to the district court's alleged failure to recognize its discretion to vary downward, and that we therefore review the issue for plain error. *See United States v. McComb*, 519 F.3d 1049, 1054 (10th Cir. 2007). Plain error "is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.*

Mr. Garcia contends that the district court determined that it could not vary downward absent unique circumstances, and that its assumption constitutes procedural error after *Gall*. We are not convinced that the district court felt so constrained. The district court articulated the proper standard in determining whether to impose a variance, stating at sentencing that "[a] variance is appropriate when the calculation of the sentence under the Federal Sentencing Guidelines does not meet the objectives set forth in 18 U.S.C. Section 3553(a)." Moreover, the court never stated that it was prohibited from varying downward absent unusual circumstances. Instead, the court used the commonality of Mr. Garcia's case as a justification for declining to vary. It is therefore not apparent from the record whether the court felt that it could not vary in a case that presented common circumstances, as Mr. Garcia alleges. We need not decide that issue, however, because Mr. Garcia's challenge fails on the third and fourth prongs of the plain error test.

Under the third prong, we will not notice plain error unless it affects the

defendant's substantial rights. *McComb*, 519 F.3d at 1054. In the sentencing context, a defendant "can make this showing by demonstrating a reasonable probability that had the district court applied the [proper] sentencing framework, he would have received a lesser sentence." *United States v. Trujillo-Terrazas*, 405 F.3d 814, 819 (10th Cir. 2005). Thus, it is not enough for Mr. Garcia to show that the district court *could have* varied downward; rather, he must demonstrate a reasonable probability that the district court *would have* varied downward. There is simply nothing in the record, however, that suggests that the district court thought the Guidelines sentence was too high and that it would have imposed a lesser sentence had it known it could do so. The court did not comment on the length of the sentence or express dissatisfaction with imposing the statutory maximum. It did not state that a lower sentence was warranted. Although the court recognized Mr. Garcia's remorse, abusive childhood, and lack of criminal history, the court did not indicate that it wanted to—but legally could not—reduce his sentence based on those circumstances. Absent any indication that the district court desired to vary downward, we cannot say that Mr. Garcia's substantial rights were affected.

Under the fourth prong of the test, the error must "seriously affect the fairness, integrity or public reputation of judicial proceedings." *Id.* at 818. In a sentencing case, the most significant factor in determining whether the fourth prong is satisfied is "whether correct application of the sentencing laws would

likely significantly reduce the length of the sentence." *United States v. Andrews*, 447 F.3d 806, 813 (10th Cir. 2006) (quotations omitted). As already discussed, we have no basis to conclude that, if the district court did err, reversing that error would significantly reduce Mr. Garcia's sentence. Thus, we cannot say that a remand instructing the district court that it had discretion to vary "would likely significantly reduce the length of the sentence."

### III. CONCLUSION

Because we review Mr. Garcia's challenge of his sentence for plain error, and because he has not satisfied either the third or the fourth prong of the plain error test, we AFFIRM his sentence.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge