FILED
United States Court of Appeals
Tenth Circuit

May 31, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RAMIRO PEREZ-RAMOS,

    Defendant-Appellant.

No. 12-1464

(D.C. No. 1:12-CR-00277-PAB-1)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON** and **BALDOCK**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.[**]

---

In August 2009, Defendant Ramiro Perez-Ramos pled guilty to illegal reentry of a removed alien into the United States in violation of 8 U.S.C. § 1326(a) in the United States District Court for the District of Arizona. That court sentenced him to three years of supervised release, with the standard condition that he not commit any federal, state, or local crimes, and the special condition that he not reenter the United States without authorization if deported. The three-year term of supervised

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34(1)(G). The case is therefore ordered submitted without oral argument.

release began on November 12, 2009. Shortly after that, he was deported on November 16, 2009.

Before Defendant's term of supervised release expired, police arrested him for drunk driving in Colorado on April 15, 2012. The Government charged Defendant with illegal reentry and sought to revoke his supervised release. Defendant pled guilty to the illegal reentry offense, and the district court sentenced him to 15 months' imprisonment, a within-Guidelines sentence. At the same hearing as the sentencing, the district court revoked Defendant's supervised release. Defendant admitted two violations of the conditions of his supervised release: (1) driving under the influence of alcohol, and (2) illegal reentry. The advisory Guideline range for the supervised release violation was 8–14 months. Both the Government and Defendant recommended an eight-month sentence. Defendant asked the court to take into consideration his earlier allocution and impose the eight-month sentence concurrently with his sentence for illegal reentry. The Government recommended a consecutive sentence. The district court rejected Defendant's request for a concurrent sentence and imposed an eight-month sentence consecutive to the illegal reentry sentence. Defendant appealed. Exercising our jurisdiction pursuant to 18 U.S.C. § 3742, we affirm.

I.

On appeal, Defendant does not challenge the length of his eight-month sentence for violating his supervised release. Rather, Defendant argues the district

2

court's decision to run the sentence consecutively rendered it substantively unreasonable. District courts have the discretion to impose either a concurrent or consecutive sentence. 18 U.S.C. § 3584(a). When deciding whether to impose a consecutive sentence, the district court "shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in [18 U.S.C.] § 3553(a)." Id. § 3584(b). We review the substantive reasonableness of a sentence for abuse of discretion and give substantial deference to district courts. United States v. Cornelius, 696 F.3d 1307, 1326 (10th Cir. 2012). A sentencing court does not abuse its discretion unless the sentence is "arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Munoz-Nava, 524 F.3d 1137, 1146 (10th Cir. 2008).

When a sentence is within the Guideline range, it is entitled to a presumption of reasonableness. United States v. Regan, 627 F.3d 1348, 1352 (10th Cir. 2010). The Guidelines provide, "Any term of imprisonment upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of . . . supervised release." U.S.S.G. § 7B1.3(f). Thus, a consecutive sentence for a supervised release violation is presumptively reasonable. The burden is on Defendant to rebut the presumption. United States v. McBride, 633 F.3d 1229, 1233 (10th Cir. 2011). A sentence is substantively reasonable when the length of the

3

sentence reflects the gravity of the crime and the statutory sentencing factors as applied to the case. United States v. Martinez-Barragan, 545 F.3d 894, 898 (10th Cir. 2008). As long as the district court considers the factors set forth in § 3553(a), "sentencing a defendant to consecutive sentences following the revocation of supervised release [is] not unreasonable." United States v. Rodriguez-Quintanilla, 442 F.3d 1254, 1257 (10th Cir. 2006).

## II.

Defendant argues the district court abused its discretion in several ways. First, he says the court placed no weight on the circumstances of his illegal reentry, his deep remorse, his family circumstances, and his efforts to seek treatment for substance abuse while in custody. Although the Guidelines discourage courts from considering family ties and responsibilities in sentencing decisions, see U.S.S.G. § 5H1.6, a court may consider those responsibilities when fashioning a variance. United States v. Andrews, 447 F.3d 806, 812 (10th Cir. 2006). True, the district court did not individually consider each factor in § 3553(a). But, the district court is not required to consider each factor individually, and "need not recite any magic words to show that it has fulfilled its responsibility to be mindful of factors that Congress has instructed it to consider." United States v. Contreras-Martinez, 409 F.3d 1236, 1242 (10th Cir. 2005). Thus, "when imposing a sentence, a district court need only consider 18 U.S.C. § 3553(a) en masse . . . ." United States v. Rose, 185 F.3d 1108, 1111 (10th Cir. 1999). The district court expressly stated it considered

4

the factors listed in § 3553(a), which include the nature and circumstances of the offense, and the history and characteristics of the defendant.[1] 18 U.S.C. § 3553(a)(1). Therefore, although the court did not articulate every potentially relevant factor, it did not abuse its discretion.

Defendant next argues the district court incorrectly imposed a consecutive sentence in order to ensure an "effect" on Defendant for violating his supervised release. When sentencing, the court should consider the needs for "just punishment," to "afford adequate deterrence," to "promote respect for the law," and to "protect the public from further crimes by defendant." Id. § 3553(a)(2). The district court could conclude that Defendant needed to serve additional time on his supervised release violation to meet these goals. Further, Defendant's violation of a condition of supervised release is a breach of trust, and "while the sentencing court at revocation takes into account the seriousness of the underlying crime, it is primarily the breach of trust that is sanction." Contreras-Martinez, 409 F.3d at 1241. The sentence imposed upon revocation is intended to sanction the violator for failing to abide by the conditions of the court-ordered supervision. U.S.S.G. ch. 7, pt. A, introductory cmt. (2012). The district court did not abuse its discretion in deciding that a consecutive sentence was appropriate to properly punish Defendant for both the

---

[1] Defendant also argues United States v. Booker, 543 U.S. 220 (2005), requires the district court to look to a defendant's full background at sentencing, and that the district court failed to do so. However, the district court expressly took into consideration § 3553(a) factors, which include the history of the defendant.

illegal reentry and the violation of his supervised release.

Defendant also argues the district court should have considered that the Guidelines now discourage the imposition of supervised release when the defendant will be deported after imprisonment. See U.S.S.G. § 5D1.1(c). The Guidelines had not been amended to include that provision, however, at the time Defendant was placed on supervised release. Additionally, the Guidelines still recommend that the court consider a term of supervised release if it would "provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." See U.S.S.G. § 5D1.1 cmt. n. 5 (2012). Defendant's 2009 term of supervised release was valid and binding, and the district court was acting well within its discretion when it chose to sanction Defendant's violation of that release. See United States v. Gutierrez-Sierra, 2013 WL 1136949 at *3 (10th Cir. March 20, 2013). In a recent, unpublished opinion, we held the district court did not abuse its discretion when it ordered the defendant to serve his sentence for illegal reentry and his sentence for violation of supervised release consecutively. Id. We rejected the defendant's argument, identical to Defendant's here, that a consecutive sentence was improper in light of the recent amendment to § 5D1.1(c). Id. Of course, this amendment, like all Guideline provisions, is advisory and the district court can choose to impose consecutive sentences at its discretion.

Having determined that the district court properly considered the factors it was bound to review, we have no difficulty in determining the district court did not abuse

6

its discretion by imposing a consecutive sentence.

For the reasons stated above, Defendant's sentence is AFFIRMED.

Entered for the Court,


Bobby R. Baldock
United States Circuit Judge