FILED
United States Court of Appeals
Tenth Circuit

June 3, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CRUZ VALENZUELA-BORJAS,

Defendant - Appellant.

No. 13-4096
(D.C. No. 2:13-CR-00107-TS-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Cruz Valenzuela-Borjas pleaded guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him to 60 months in prison, 36 months of supervised release, and a $100 special assessment. On appeal, defense counsel filed an *Anders* brief and moved to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Because we find no meritorious issues, we grant the motion to withdraw and dismiss this appeal.

\*\*\*

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, claim preclusion, and issue preclusion. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Court Rule 32.1.

In February 2013, a Utah highway patrolman stopped a car for driving 99 miles per hour in a 75 mile per hour zone. Valenzuela-Borjas was a passenger in the car and his cousin was the driver. During the course of the stop, the trooper grew suspicious that the men were engaged in drug trafficking. Among other things, they could not explain who they were or where they were headed. When the trooper asked for permission to search the car, the men agreed. Under the engine hood and inside the filter box, the trooper found two packages of methamphetamine weighing over three pounds. Both Valenzuela-Borjas and his cousin were charged with possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(a). At the time of the stop, Valenzuela-Borjas was 51 years old, and his cousin was just 18.

Valenzuela-Borjas admitted his guilt by signing a written plea agreement. Under the agreement, he acknowledged that a violation of 21 U.S.C. § 841(a)(1) was punishable by no less than a mandatory minimum sentence of 10 years, *see* 21 U.S.C. § 841(b)(1)(A)(viii), and he agreed to waive his right to appeal. The government, in turn, agreed to recommend guideline reductions for acceptance of responsibility and for "safety valve" relief under United States Sentencing Guideline § 5C1.2(a). Safety valve relief allows for the imposition of a sentence below an otherwise applicable mandatory minimum sentence. *See* U.S. Sentencing Guidelines Manual (U.S.S.G.) § 5C1.2. The government also agreed to recommend a sentence at the low-end of the applicable Guidelines range.

The presentence report (PSR) calculated the applicable Guidelines range as follows:

- Valenzuela-Borjas's offense carried a base offense level of 32. *See* U.S.S.G. § 2D1.1(c)(4).

- For truthfully providing the Government all information he had concerning the offense and its relevant conduct, he received a 2-level decrease under the aforementioned "safety valve" provision. *See id*. § 5C1.2.

- For clearly and timely accepting responsibility for his offense, he received a 3-level decrease, *see id*. § 3E1.1, resulting in a total offense level of 27.

- Because he had no prior convictions, he was classified as a criminal history category level I. *See id*. Chapter 5, Pt. A.

- This criminal history category, combined with Valenzuela-Borjas's offense level, produced an advisory Guidelines range of 70 to 87 months in prison. *See id*.

Neither the government nor Valenzuela-Borjas challenged any aspect of the presentence report. At the sentencing hearing, however, Valenzuela-Borjas did ask the district court to impose a sentence below the low-end Guidelines range of 70 months. He argued that a lower sentence was justified because he had not previously had any problems with the law, there was no need to protect the public from his further crimes, and it would avoid unwarranted sentencing disparities. He pointed out that his cousin had received a sentence of just 30 months and asked for a sentence closer to that number. Still, Valenzuela-Borjas recognized that there was some difference in culpability between his own actions and those of his cousin—who had barely reached the age of majority.

The district court accepted the presentence report and its offense-level and criminal-history calculations. When stating the applicable Guidelines range, however, the court said it was 70 to 130 months—when the correct range was actually 70 to 87 months (as stated in the PSR). Regardless, based on the § 3553 sentencing factors, the court arrived at a sentence of 60 months, 10 months below the government-requested and low-end

Guidelines number. The court found that Valenzuela-Borjas could be sentenced without regard to the statutory minimum sentence of 10 years—because of § 5C1.2. The court then varied below the applicable Guidelines range in response to Valenzuela-Borjas's arguments. Still, the court did not give Valenzuela-Borjas the same sentence it had given his cousin; as Valenzuela-Borjas seemed to recognize himself, the court noted that he was the more culpable party.

***

Under the Supreme Court's decision in *Anders v. California*, court-appointed defense counsel may—as Valenzuela-Borjas's counsel did here—"request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). In doing so, defense counsel must submit a brief to the client and the court identifying any potential appealable issues supported in the record. *Calderon*, 428 F.3d at 930. The appellate court then fully examines the record to determine whether the defendant's claims are in fact "wholly frivolous," and if so, it may grant the motion to withdraw and dismiss the appeal. *Id*.

In accordance with *Anders*, a copy of counsel's brief was furnished to Valenzuela-Borjas, and he was afforded time to respond.[1] *See Anders*, 386 U.S. at 744. Notably, Valenzuela-Borjas did not contest dismissal. To the contrary, in his response, Valenzuela-

---

[1] The government was also afforded an opportunity to file a brief, but declined to do so.

Borjas acknowledged that he had waived his right to appeal and asked that we dismiss his case. Our precedents, however, preclude dismissal on the basis of a waiver of appeal where the government has not sought to enforce the waiver. *Calderon*, 428 F.3d at 930. What's more, our local rules require that a voluntary motion to dismiss a criminal appeal contain "a statement, signed by the appellant, demonstrating knowledge of the right to appeal and expressly electing to withdraw the appeal." 10th Cir. R. 46.3(B). Valenzuela-Borjas's filing merely stated that he had waived his right to appeal, but did not demonstrate knowledge of the enforceability of the waiver or its scope. We therefore undertake our own review of the record to determine whether it reveals any non-frivolous issues. We find none.

In his *Anders* brief, counsel states that Valenzuela-Borjas raised just two issues in his *pro se* notice of appeal. There, Valenzuela-Borjas argued that (1) his trial lawyer rendered ineffective assistance of counsel, and (2) he was actually innocent of the offense for which he was convicted and sentenced. After fully examining the record, we agree with counsel's conclusion that presently no basis in law or fact supports either of these arguments.

First, the record before us is insufficient to enable meaningful appellate review of any claim of ineffective assistance of trial counsel. Generally speaking, this explains why "[i]neffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal." *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995). As the Supreme Court has explained,

> In light of the way our system has developed, in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance. When an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose.

*Massaro v. United States*, 538 U.S. 500, 504-05 (2003). Indeed, in his responsive filing, Valenzuela-Borjas appears to appreciate that a § 2255 motion is the better vehicle for his ineffective assistance claim.

Second, Valenzuela-Borjas's factual innocence claim is seemingly indistinguishable from his claim of ineffective assistance. He says that his lawyer instructed him to plead guilty despite his not knowing about the three pounds of methamphetamine in his young cousin's car. We review these sorts of challenges to the plea process under the familiar framework of *Strickland*. *See Hill v. Lockhart*, 474 U.S. 52, 57 (1995). As we previously stated, however, we are ill-equipped to review Valenzuela-Borjas's ineffective assistance claims in the absence of a more developed record.

Moreover, as far as we can discern, nothing in the record otherwise calls the plea's constitutional validity into question. To satisfy due process, a guilty plea must be knowing, intelligent, and voluntary. *See United States v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir. 2002). In this case, the record indicates that Valenzuela-Borjas's plea was all of these things. The district court gave Valenzuela-Borjas several of the Rule 11(b) advisements, and before pleading guilty Valenzuela-Borjas acknowledged that he was aware of the balance of the relevant admonishments. We note specifically that he expressly acknowledged that a plea of guilty could carry adverse immigration

consequences and that he (a lawful permanent resident of the United States) had discussed those consequences with his lawyer, who was fluent in Spanish. Accordingly, on the record before us, any challenge to the constitutional validity of the guilty plea would be frivolous.

Finally, we fail to see any non-frivolous grounds for appeal as to the reasonableness of the sentence. We review a district court's imposition of a below-Guidelines sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 56 & n. 3 (2007); *United States v. Balbin-Mesa*, 643 F.3d 783, 786–87 (10th Cir. 2011). In this case, the district court adopted the undisputed PSR finding that the total offense level was 27 and that the criminal history category was I. (*Id.*) Accordingly, we think the court correctly calculated the applicable Guidelines range—even though it misstated the high-end number at the sentencing hearing. What's more, given the lack of contemporaneous objection, we would review any challenge to the court's misstatement under the plain error standard. *United States v. Poe*, 556 F.3d 1113, 1128 (10th Cir. 2009) ("When a party fails to object contemporaneously to the district court's sentencing procedure, we review procedural reasonableness challenges for plain error.") In satisfying this standard, Valenzuela-Borjas would need to show, among other things, that he would have "a strong possibility of receiving a significantly lower sentence" if the law had been correctly applied. *United States v. Andrews*, 447 F.3d 806, 813 (10th Cir. 2006). Without commenting on whether the court misapplied the law here, we think there is little to no possibility of a lower sentence on remand, let alone a significantly lower one. Indeed, the sentence imposed by the district court was not only below the statutory minimum, but it was even less than the

low-end Guidelines range. On this record, any argument that the district court's misstatement of the uppermost Guidelines range mattered is frivolous—as is any argument that the district court abused its considerable discretion by declining to impose an even lesser sentence.

***

Based on the foregoing, we grant defense counsel's motion to withdraw and dismiss this appeal.

ENTERED FOR THE COURT

Gregory A. Phillips
Circuit Judge