FILED
United States Court of Appeals
Tenth Circuit

April 16, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

REGINA RAINWATER,

      Defendant-Appellant.

No. 07-6185
(D.C. No. CR-97-081-T)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

Defendant Regina Rainwater previously pleaded guilty to mail fraud and

aiding and abetting in violation of 18 U.S.C. §§ 2 & 1341. The district court

sentenced Rainwater to 33 months in prison and three years of supervised release.

The conditions of Rainwater's supervised release prohibited her from committing

any federal, state, or local crimes; however, during the period of her supervised

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

release, Rainwater pleaded no contest to three felony offenses she committed in Oklahoma. Based on these offenses, the U.S. Probation Office filed a "Petition for Warrant or Summons" for Rainwater, and Rainwater stipulated that she had violated the terms of her supervised release. The district court therefore revoked Rainwater's supervised release and sentenced her to a term of 24 months in prison.

On appeal, Rainwater's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), which presented Rainwater's challenge to her sentence. In addition, counsel moved for leave to withdraw as Rainwater's counsel. Neither Rainwater nor the Government filed a brief responding to counsel's Anders brief. We have independently reviewed the record as required by Anders, 386 U.S. at 744. Based on that review, we conclude that because the district court's explanation of its reasoning to impose the selected sentence was inadequate, the appeal is not entirely frivolous. For the reasons stated below, however, Rainwater cannot prevail on her non-frivolous ground for appeal.

Rainwater argues that the district court erred because it failed to explain how it reached the sentence it imposed in light of the sentencing factors in 18 U.S.C. § 3553(a) and the policy statements in Chapter 7 of the United States Sentencing Guidelines Chapter 7. Rainwater failed to raise this objection in the district court, and we accordingly review only for plain error. United States v. Cordova, 461 F.3d 1184, 1186 (10th Cir. 2006). "Plain error occurs when there is

(1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation marks omitted) (quoting United States v. Burbage, 365 F.3d 1174, 1180 (10th Cir. 2004)).

It is well established that a district court must consider both the policy statements contained in Chapter 7 of the United States Sentencing Guidelines and several factors provided in 18 U.S.C. § 3553(a) when imposing a sentence following revocation of supervised release. Id. at 1188. To fulfill this responsibility, we do not require the district court to recite "any magic words" nor do we require the court to consider each factor individually. United States v. Rodriguez-Quintanilla, 442 F.3d 1254, 1258 (10th Cir. 2006). We do, however, require that the district court judge provides us with some basis to conclude "that he has considered the parties' legal arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, ___ U.S. ___, 127 S. Ct. 2456, 2468 (2007).

In the instant case, the district court did not mention, nor did it apparently consider either the required § 3553(a) factors or Chapter 7 policy statements. Instead, with respect to the sentence, the court merely stated:

> The Court finds that the defendant has violated the condition of supervised released as alleged in the petition for offenders under supervision filed on July 18, 2007. It is the order of the Court that the defendant is committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of 24 months.

Thus, the district court erred because this sparse statement gives us no reason to conclude that the court considered the Chapter 7 policy statements and the § 3553(a) factors when imposing Rainwater's sentence.

Although the district court erred, we affirm the sentence imposed because Rainwater cannot satisfy the third prong of plain error review. "For an error to have affected substantial rights, the error must have been prejudicial: It must have affected the outcome of the district court proceedings." United States v. Romero, 491 F.3d 1173, 1179 (10th Cir. 2007), cert. denied, 128 S. Ct. 319 (2007). In the instant case, nothing in the record indicates that the district court would have imposed a different sentence had it explicitly considered the Chapter 7 policy statements and the relevant § 3553(a) factors. Although the statute capped the possible sentence upon revocation at 24 months, see 18 U.S.C. § 3583(e)(3), the Chapter 7 policy statement recommended a sentencing range of 33–41 months, see U.S.S.G. § 7B1.4(a). In addition, Rainwater's significant criminal history supports a lengthier sentence. Nothing in the record militates for a lesser sentence, and thus, we conclude that the error was not prejudicial. Accordingly, Rainwater's sentence is AFFIRMED and we GRANT counsel's motion to withdraw.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge