**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 21, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RUSSELL EUGENE LUTZ,

    Defendant-Appellant.

No. 08-3017
(D.Ct. No. 5:02-CR-40031-SAC-1)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **TACHA**, **ANDERSON,** and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

Defendant Russell Eugene Lutz appeals his sentence following revocation

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of his supervised release on grounds the district court unreasonably imposed a twenty-four-month sentence of imprisonment, rather than sentencing him to inpatient drug and mental health treatment as requested. On appeal, Mr. Lutz contends his sentence is both procedurally and substantively unreasonable. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and affirm Mr. Lutz's sentence.

## I. Procedural Background

Mr. Lutz pled guilty to one count of possession of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c), and received a sentence of sixty months imprisonment followed by three years of supervised release. On July 7, 2006, he began serving his term of supervised release and, on September 1, 2006, consented to a modification of the terms of his supervision which included mental health treatment. On December 18, 2007, the government filed a petition seeking revocation of Mr. Lutz's supervised release, alleging he violated the conditions of his supervised release because he: (1) failed to refrain from drug use; and (2) failed to participate in a drug abuse program.[1]

_____

[1] Previously, on January 9, 2007, the government filed a petition for revocation of Mr. Lutz's supervised release, alleging, in part, that he failed to refrain from drug use and participate in a drug treatment program. While that petition is provided in the record on appeal, it was later withdrawn based on Mr.

(continued...)

-2-

On January 15, 2008, the district court held a hearing, at which time Mr. Lutz stipulated he "missed counseling sessions and urinalysis testing appointments." R., Vol. 2 at 3-4. In turn, the government presented the testimony of supervising probation officer Mary Handley, who confirmed Mr. Lutz: (1) failed to adhere to a special condition of his supervised release requiring him to participate in a drug treatment plan, which constituted a Grade C violation of his supervised release; and (2) tested positive for methamphetamine and marijuana on two occasions during his supervised release and admitted using methamphetamine, evidencing his failure to refrain from the use of controlled substances, which constituted a Grade B violation of his supervised release. On cross-examination, she acknowledged the United States Probation Office had

_____

[1](...continued)
Lutz's apparent compliance with the terms of his supervised release following the filing of that petition. In turn, the December 18, 2007 petition discussed in the instant appeal was not provided in the record by either party. Instead, the record on appeal contains the January 2, 2008 amended petition filed by the government, but which it admitted it failed to serve on Mr. Lutz's counsel.

During the revocation hearing, counsel for the government voluntarily agreed to limit its evidence and arguments to the allegations contained in the initial December 18, 2007 petition, which, again, we do not have before us. Because the revocation hearing transcript is sufficient to enable us to discern the two allegations presented in the December 18, 2007 petition, we are able to dispose of this appeal without its inclusion in the record. Nevertheless, the parties are reminded that Federal Rules of Appellate Procedure 10 and 28 and Tenth Circuit Rules 10.3, 28.1, and 28.2 require them to provide sufficient references to the record in their appeal briefs and the applicable portions of the record on which they rely or to which they refer. *See also Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000) (holding"[w]here the record is insufficient to permit review we must affirm").

available to it inpatient drug treatment programs as well as mental health programs.

The district court found Mr. Lutz violated his supervised release, noting the highest violation was a Grade B violation which, together with his criminal history category of V, resulted in a United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range of eighteen to twenty-four months imprisonment. *See* U.S.S.G. § 7B1.4(a) (Revocation Table). The district court then revoked his supervised release, announced a tentative sentence of twenty-four months with no supervised release to follow, and allowed the parties to present argument and comment on the tentative sentence. In response, Mr. Lutz's counsel claimed Mr. Lutz would not receive adequate treatment within the Bureau of Prisons system and therefore expressly, but generally, argued the 18 U.S.C. § 3553(a) factors warranted a modified sentence to include inpatient drug and mental health treatment, which the probation officer acknowledged, during her testimony, was available. Alternatively, he requested a sentence of twelve months and one day.

At the conclusion of the hearing, Mr. Lutz personally addressed the court, saying he was "fighting some kind of mental thing," and "I couldn't ask for a better probation officer. And I'm stumped as to why this happened." R., Vol. 2

at 12-13.  Following these statements, the district court addressed Mr. Lutz, stating:

> All right, sir.  Thank you.  Well, not only Ms. Handley but also your counsel has attempted to give you the benefit of the best that they can do for you.  I'm not really sure they can do much for you.  The Court is not impressed with the position of the Defendant.

R., Vol. 2 at 13.  The district court then stated it found Mr. Lutz violated the terms of his supervised release, based on the violation report and the evidence presented, and imposed a sentence of twenty-four months imprisonment.  However, it did agree, at Mr. Lutz's counsel's request, to recommend Mr. Lutz participate in drug treatment and mental health treatment while serving his sentence.

## II.  Discussion

On appeal, Mr. Lutz continues to claim his twenty-four-month sentence of imprisonment is substantively unreasonable under 18 U.S.C. § 3553(a) because the circumstances of his case warrant a sentence of "inpatient drug and mental health treatment," as requested.  We review Mr. Lutz's argument his sentence is substantively unreasonable under a deferential abuse of discretion standard.  *See United States v. Smart*, 518 F.3d 800, 802, 805-06 (10th Cir. 2008).  For the first time on appeal, Mr. Lutz also argues his sentence is procedurally unreasonable because the district court did not consider the mandatory 18 U.S.C. § 3553(a)

sentencing factors or objectives in imposing the twenty-four-month sentence, provide its reasons for imposing such a sentence, or address his argument for inpatient drug and mental heath treatment. Because Mr. Lutz failed to raise these objections before the district court, we review them for plain error, which "occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Cordova*, 461 F.3d 1184, 1186 (10th Cir. 2006) (quotation marks and citation omitted).

Under Federal Rule of Criminal Procedure 32.1 and 18 U.S.C. § 3583(e)(2) and (3), when a person violates the conditions of his supervised release, as Mr. Lutz did here, the district court may modify the conditions of release or revoke the term of supervised release and impose prison time. *See United States v. Kelley*, 359 F.3d 1302, 1304 (10th Cir. 2004). In imposing a sentence following revocation of supervised release, a district court is required to consider both Chapter Seven's policy statements as well as the factors provided in 18 U.S.C. § 3553(a).[2] *See Cordova*, 461 F.3d at 1188.

---

[2] These factors include:

The nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training, medical

(continued...)

"Reasonableness review is guided by the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Kristl,* 437 F.3d 1050, 1053 (10th Cir. 2006). "Our appellate review for reasonableness includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence." *Smart*, 518 F.3d at 803. "In *Gall*, the Supreme Court identified 'failing to consider the § 3553(a) factors' and 'failing to adequately explain the chosen sentence' as forms of procedural error." *Id.* (quoting *Gall v. United States*, ___U.S. ___, 128 S. Ct. 586, 597 (2007)). On the other hand, "[a] challenge to the sufficiency of the § 3553(a) justifications relied on by the district court implicates the substantive reasonableness of the resulting sentence." *Id.* at 804.

Beginning with the district court's alleged procedural error in failing to consider the § 3553(a) factors or explain the chosen sentence, the Supreme Court has "made clear that a district judge is not required to give an exhaustive list of reasons" for the sentence imposed. *United States v. Tindall*, 519 F.3d 1057, 1065 (10th Cir. 2008). However, a district court must provide some basis for us to

---

[2](...continued)
care or other correctional treatment in the most effective manner; pertinent guidelines; pertinent policy statements; the need to avoid unwanted sentence disparities; and the need to provide restitution.

*Cordova*, 461 F.3d at 1188-89 (quoting *United States v. Contreras-Martinez*, 409 F.3d 1236, 1242 n.3 (10th Cir. 2005)).

conclude it "has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, ___U.S. ___, 127 S. Ct. 2456, 2468 (2007). In that regard, when a sentence falls within the Guidelines range, we have said § 3553(c) requires the court to provide only a general statement in explaining the imposition of a sentence. *See United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir.), *cert. denied*, 128 S. Ct. 113 (2007). If the sentence is within the correctly-calculated Guidelines range, the sentence is presumptively reasonable, unless the defendant "rebut[s] this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *Kristl*, 437 F.3d at 1055.

In this case, Mr. Lutz contends the district court failed to consider his argument for inpatient drug and mental health treatment under 18 U.S.C. § 3553(a) or otherwise provide sufficient reasoning for his sentence. However, a review of the sentencing hearing transcript reveals Mr. Lutz expressly presented his § 3553(a) argument for inpatient treatment to the district court and that the district court heard, considered, and then rejected that argument when it declared it was not impressed with Mr. Lutz's position and imposed the Guidelines range sentence of twenty-four months imprisonment, as recommended by the Chapter Seven policy statement revocation table. It also agreed to recommend to the Bureau of Prisons Mr. Lutz's participation in a drug and mental health treatment

program while serving his sentence, thereby evidencing it considered his request for such treatment while in prison.

While a more comprehensive explanation might have aided this court in concluding whether a reasoned basis existed for the district court's twenty-four-month sentence, the district court imposed a sentence within the recommended Guidelines range, which requires only a general explanation of the reason for the sentence imposed. Even if we determined a more comprehensive explanation was required, we can find no procedural error. This is because Mr. Lutz cannot satisfy the third or fourth prongs of the plain error analysis. To meet the third prong, he must demonstrate his substantial rights were affected, which requires a showing the result of the sentencing proceeding would have been different but for the asserted error. *See United States v. Romero*, 491 F.3d 1173, 1179 (10th Cir.), *cert. denied*, 128 S. Ct. 319 (2007). Nothing in the record or Mr. Lutz's argument indicates the district court would have imposed a different sentence had it provided further or more explicit reasoning for the sentence imposed.[3]

---

[3] *See United States v. Rainwater*, 274 F.App'x 629, 631 (10th Cir. April 16, 2008) (unpublished op.) (upholding sentence on determination defendant could not satisfy substantial rights plain error prong in revocation of sentence case, although district court imposed sentence without discussion of § 3553(a) factors or Chapter Seven Guidelines policy statements). While this unpublished opinion does not have precedential value, it has persuasive value with respect to the same material issue raised here and assists with our disposition of this appeal. *See* 10th Cir. R. 32.1.

Similarly, Mr. Lutz has failed to establish the fourth prong of the plain error analysis, which requires a showing his twenty-four-month sentence seriously affected the fairness, integrity, or public reputation of judicial proceedings. In order to make this showing, he must demonstrate the district court's limited explanation of his sentence was "particularly egregious" and a failure to correct it would result in a "miscarriage of justice." *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 736 (10th Cir. 2005) (*en banc*). Mr. Lutz has failed to make such a showing, especially in light of the district court's recommendation to the Bureau of Prisons that he participate in drug and mental health treatment during his incarceration and his own failure to participate in a drug abuse program which was one of the conditions of his supervised release.

Having rejected Mr. Lutz's claim his sentence is procedurally unreasonable, we turn to his argument that his sentence is substantively unreasonable because "a twenty-four month sentence is greater than necessary to meet the statutory sentencing objectives" of § 3553(a). Apt. Br. at 7. As previously explained, we review such a claim under a deferential abuse of discretion standard. Because Mr. Lutz's twenty-four-month sentence clearly falls within the applicable advisory Guidelines range, his sentence is presumptively reasonable. In attempting to rebut his presumption with respect to the § 3553(a) factors, Mr. Lutz has not shown his argument for a variant sentence of inpatient drug and

mental health treatment is sufficiently compelling for the purpose of showing his sentence is substantively unreasonable, especially in light of the district court's recommendation Mr. Lutz participate in such treatment during his incarceration and Mr. Lutz's prior flagrant evasion of the conditions of his supervised release, which included a requirement he participate in an approved substance abuse treatment program, which he failed to do. Thus, under the circumstances presented, Mr. Lutz has not overcome the requisite presumption of reasonableness attached to his twenty-four-month sentence or otherwise demonstrated his sentence is procedurally or substantively unreasonable under the 18 U.S.C. § 3553(a) factors.

## III.  Conclusion

For these reasons, we **AFFIRM** Mr. Lutz's sentence.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge