**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 30, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

FELIPE RAYMOND VIGIL,

     Defendant - Appellant.

No. 08-2293
(D. N.M.)
(D.Ct. No. 1:03-CR-01012-JEC-1)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

_____

After examining the briefs and the appellate record, this panel has agreed to honor the parties' waiver of oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). Therefore, this case stands submitted on the briefs.

Felipe Raymond Vigil appeals from the sentence imposed following the revocation of his supervised release, claiming procedural and substantive error. Among other things, he claims the district court erred by failing to explain the

_____

[*] This order and judgment is not binding precedent. 10th Cir. R. 32.1(A). Citation to orders and judgments is not prohibited. Fed. R. App. 32.1. But it is discouraged, except when related to law of the case, issue preclusion or claim preclusion. Any citation to an order and judgment must be accompanied by an appropriate parenthetical notation -- (unpublished). 10th Cir. R. 32.1(A).

reasons for the precise sentence imposed and by not explicitly referring to the 18 U.S.C. § 3553(a) sentencing factors. Though the court may have erred in failing to accentuate the obvious, no error rises to the level of plain error. We affirm.

## I. BACKGROUND

Vigil pled guilty to one count of possession of a firearm and ammunition by a convicted felon and was sentenced to 57 months imprisonment followed by three years of supervised release. The conditions of his supervised release required him to, *inter alia*, refrain from any unlawful use of a controlled substance, participate in and successfully complete a substance abuse treatment program, and notify the probation officer ten days prior to any change in residence.

Vigil began his supervised release on August 14, 2007. On March 27, 2008, the United States Probation Office filed a petition seeking the revocation of Vigil's supervised release, alleging he had used controlled substances and failed to complete a substance abuse treatment program. On April 16, 2008, the district court entered an order holding the petition in abeyance for a period of four months and adding an additional condition to Vigil's supervised release—that he participate in and successfully complete home confinement for a period of four months under the electronic monitoring program. The order provided the petition would be dismissed at the end of the four-month period if Vigil complied with all the conditions of supervision.

The electronic monitoring revealed that less than one month into the program, on May 6, 2008, Vigil left his residence without authorization. On May 7, his probation officer filed an amended revocation petition adding a violation for failure to abide by the electronic monitoring condition. A hearing was held on July 9, 2008, at which Vigil admitted the violation. The court continued the hearing until further notice and ordered Vigil released to a residential substance abuse treatment program. He completed the program successfully.

On September 18, 2008, a probation officer attempted to contact Vigil at his apartment but was informed by the apartment manager that Vigil had moved out of the apartment on or about September 16. The probation officer spoke to Vigil's father, who stated Vigil had vacated his apartment and did not intend to report to the probation office. On September 23, a probation officer filed a second amended revocation petition adding as a violation failure to advise the probation office of a change of address. The violation report calculated a recommended imprisonment range for his violations, if established, to be 6 to 12 months pursuant to the policy statement in USSG §7B1.4(a) based on a maximum violation of grade C and a criminal history category of IV. The maximum term of imprisonment was two years. *See* 18 U.S.C. § 3583(e)(3). The total length of imprisonment plus additional supervised release could not exceed three years. *See* 18 U.S.C. §§ 3583(b)(2) & (h).

On November 24, 2008, the court held a sentencing hearing. Vigil admitted

all the violations alleged in the second amended petition. Defense counsel stated "the underlying problem is [Vigil] still has the drug addiction" and "[h]e is trying to beat the problem, and it's going to be a long uphill battle." (R. Vol. III at 6, 7.) Vigil requested the court consider the fact he had not "picked up [any] new charges" since being released from prison. (*Id.* at 7.) He stated: "I just ask that you . . . take into consideration . . . that prison really ain't going to help me out anyway you look at it . . . it will make me worse." (*Id.*) Defense counsel requested the court impose a sentence of incarceration and "not re-impose supervised release." (*Id.* at 8.) The government argued Vigil "need[s] incarceration" and also requested another period of supervised release after re-incarceration due to Vigil's history of non-compliance and "total irrelevant responsibility." (*Id.*) The government stated it would "leave it to the Court's discretion" to determine the length of incarceration. (*Id.* at 9.) The probation officer explained "the Probation Office [has] pretty much tried everything at this point and it just hasn't been successful." (*Id.* at 10.) He stated "a term of incarceration" followed by "a term of supervised release" would be appropriate. (*Id.*)

After finding Vigil had violated his conditions of supervised release, the judge said:

> The Court has reviewed the violation report and will proceed to sentencing . . . . A Grade C violation and criminal history category of 4 establish a revocation imprisonment range of six to 12 months.

> The Court finds that the sentencing guidelines are advisory. The defendant, Felipe Raymond Vigil is committed to the custody of the Bureau of Prisons for a term of 12 months . . . . I have considered supervised release and I do feel that supervised release is appropriate in this case . . . because there are resources available through the Probation Department to provide assistance in drug counseling . . . . So the defendant shall be placed on supervised release for a term of two years.

(*Id.* at 12-13.) The judge did not explain why she chose a term of twelve months imprisonment and did not refer to the sentencing factors in 18 U.S.C. § 3553(a).[1] Defense counsel did not object to the sentence, but asked the court to impose an additional day of imprisonment so that Vigil would be eligible for good time credit. The government did not object and the court granted the request.[2]

## II. DISCUSSION

Following *United States v. Booker*, 543 U.S. 220 (2005), we review all sentences for reasonableness. *See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006). "Our appellate review for reasonableness includes both a

---

[1] The § 3553(a) factors include:

[T]he nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner; pertinent guidelines; pertinent policy statements; the need to avoid unwanted sentencing disparities; and the need to provide restitution.

*United States v. Contreras-Martinez*, 409 F.3d 1236, 1242 n.3 (10th Cir. 2005).

[2] Vigil does not challenge the sentence on the ground it exceeds the statutory maximum by one day because "in reality he will serve less time in prison as a result of that extra day." (Appellant's Br. at 5 n.1.)

procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence." *United States v. Smart*, 518 F.3d 800, 803 (10th Cir. 2008). "In [*Gall v. United States*, 128 S. Ct. 586, 597 (2007)], the Supreme Court identified failing to consider the § 3553(a) factors and failing to adequately explain the chosen sentence as forms of procedural error." *Id.* (quotations omitted). On the other hand, "[a] challenge to the sufficiency of the § 3553(a) justifications relied on by the district court implicates the substantive reasonableness of the resulting sentence." *Id.* at 804. Vigil claims his sentence is both procedurally and substantively unreasonable.

A.    Procedural Reasonableness

Vigil contends his sentence is procedurally unreasonable because the district court "made no reference to 18 U.S.C. § 3553(a) and gave no reason for its imposition of a prison sentence at the top of the policy statement range and of the maximum allowable length of the supervised release term." (Appellant's Br. at 17.) Because Vigil did not raise this argument in the district court, our review is for plain error. *See United States v. Romero*, 491 F.3d 1173, 1178 (10th Cir.), *cert. denied*, 129 S. Ct. 319 (2007); *see also United States v. Cordova*, 461 F.3d 1184, 1186 (10th Cir. 2006) (applying plain error review to a sentencing argument

-6-

challenging the revocation of a term of supervised release).[3]  "We find plain error only when there is (1) error, (2) that is plain, (3) which affects substantial rights, and (4) which seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Romero*, 491 F.3d at 1178.

"Under 18 U.S.C. § 3583(e)(3), when a person violates a condition of his or her supervised release, the district court may revoke the term of supervised release and impose prison time."  *United States v. Kelley*, 359 F.3d 1302, 1304 (10th Cir. 2004).  Before imposing a sentence following revocation of supervised release, a district court must consider both the policy statements contained in Chapter 7 of the sentencing guidelines and the factors provided in 18 U.S.C. § 3553(a).  *See Cordova*, 461 F.3d at 1188.  The sentencing court need not recite "any magic words," *see Contreras-Martinez*, 409 F.3d at 1242 (quotations omitted), but it must provide some basis for this Court to conclude "[it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority."  *Rita v. United States*, 551 U.S. 338, -- , 127 S. Ct. 2456, 2468 (2007).  Here, the government concedes the court erred by not explaining why it imposed the sentence it did and by not stating on the record

---

[3] Though recognizing a three-judge panel cannot overturn this Court's precedent absent en banc review or an intervening Supreme Court decision, *see United States v. Torres-Duenas*, 461 F.3d 1178, 1183 (10th Cir. 2006), Vigil contends "whenever . . . a defendant makes an argument for leniency before the district court, the defendant has preserved a challenge to the district court's failure to explain adequately the reasons for its sentence."  (Appellant's Br. at 19.)  That is not the law of this Circuit but Vigil's preservation of the issue is duly noted.

that it considered the § 3553(a) factors. It also concedes the error is plain.[4] Thus, we consider only whether Vigil has met his "heavy burden" of proving the third and fourth prongs of plain error review are satisfied. *See Romero*, 491 F.3d at 1178.

1. *Prong Three*

"For an error to have affected substantial rights, the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *Id*. (quotations omitted). Vigil contends the court's error affected his substantial rights because "there is a reasonable probability the district court would have imposed a less severe sentence had it complied with § 3553(c)."[5] (Appellant's Br. at 18.) The government argues:

> The district court reviewed the pre-sentence report and the violation report . . . . It listened to the comments and recommendations of the defendant, his attorney, his probation officer, and the prosecutor. It then sentenced Vigil within the correctly determined guideline range . . . . Under these circumstances, there is no reasonable probability that, but for the error claimed, the results of the proceeding would have been different.

(Appellee's Br. at 9-10 (quotations omitted).) Vigil contends the government's argument "completely ignores the strong mitigating factors that should have led

---

[4] Because they do not affect our decision, we uncritically accept the government's concessions.

[5] Pursuant to 18 U.S.C. § 3553(c), "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence . . . ."

the sentencing court to impose a lower sentence." (Appellant's Reply Br. at 4.) We are not convinced.

As a practical matter, the sentence of incarceration, being within the guidelines range, would be nearly immune from our review (both procedurally and substantively) if the judge had simply said she considered the § 3553(a) factors.[6] *See United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir.), *cert. denied*, 129 S. Ct. 428 (2008) (sentences imposed within the guideline range may be presumed reasonable). But had the court done so, we would have no more information or insight than we do now. We are confident the court's failure to specifically refer to the § 3553(a) factors had no bearing on the sentence imposed. It is evident the judge considered those factors even though she did not expressly say so.[7] It would be an empty exercise—and a waste of judicial resources—to remand this case for no purpose other than to require the sentencing judge to state the obvious.

Considerable time has elapsed since the Supreme Court required

---

[6] *See United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1222 (10th Cir. 2008) (holding defendant's sentence was procedurally reasonable where "[t]he court listed each [§ 3553(a)] factor individually, then explained the circumstances of the case relevant to the factors and supportive of a higher sentence"); *United States v. Huckins*, 529 F.3d 1312, 1320 (10th Cir. 2008) (holding defendant's sentence was substantively reasonable because "the court decide[d] to vary from the Guidelines after a careful, reasoned, and reasonable consideration of the § 3553(a) factors").

[7] Implicitly she did so, saying: "The Court finds that the sentencing guidelines are advisory." (R. Vol. III at 12.)

consultation of § 3553(a) factors in every sentencing[8] and much ink has been expended by this court and others reiterating the requirement. By now that incessant drumbeat has been heard in even the most remote reaches of this Republic. Unless the record fairly suggests otherwise, we can safely presume the district court consulted and applied the § 3553 factors. If neglecting to pay lip service to a universal and notorious rule is error, surely the error is harmless in almost all cases. And in plain error analysis, where the burden is on the defendant to demonstrate prejudice, we need not tarry long with such arguments. We discern no prejudice.

Vigil and his counsel argued to the district court that he was entitled to a more lenient (but unspecified) sentence on account of his drug addiction, but a drug addiction is hardly unusual and here the probation office and the court provided Vigil with numerous opportunities (and some assistance) to address his substance abuse. Vigil and his counsel also argued he was entitled to a more lenient sentence because of his generally good behavior, but that argument overlooks his repeated and flagrant violations of the conditions of supervised release.

Vigil also contends the court's error affected his substantial rights because

---

[8] In *Gall v. United States*, the Supreme Court announced that after correctly calculating the applicable guideline range, the district judge should allow the parties "to argue for whatever sentence they deem appropriate" and "then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." 552 U.S. 38, --, 128 S. Ct. 586, 596 (2007).

"the court's terseness deprived [him] of his substantial right to informed appellate review." (Appellant's Br. at 18.) A number of courts have concluded the absence of a statement of reasons satisfies the fourth prong of plain error review. *See, e.g.*, *In re Sealed Case*, 527 F.3d 188, 193 (D.C. Cir. 2008); *United States v. Blackie*, 548 F.3d 395, 402-03 (6th Cir. 2008); *United States v. Lewis*, 424 F.3d 239, 247 (2d Cir. 2005). In an unpublished order and judgment, this Court has held a defendant satisfied the third prong of plain error review where the district court did not engage in the traditional departure analysis in imposing an above-guidelines sentences. *See United States v. Acevedo*, 219 Fed. Appx. 828, 833 (10th Cir. 2007) (unpublished) (holding "[s]ince [the defendant] is entitled to informed appellate review of his sentence, the district court's failure to adequately articulate its reasoning substantially affected [the defendant's] rights").[9] The Ninth Circuit has held likewise. *See United States v. Waknine*, 543 F.3d 546, 554 (9th Cir. 2008) (concluding the defendant satisfied the third prong of the plain error test where the district court failed to announce its calculated guideline range and did not expressly consider the § 3553(a) factors). Those decisions do not bind us; in any event, we would not follow them due to the unique circumstances presented here.

The sentencing hearing offered a teachable moment for Vigil and the

---

[9] Unpublished cases are not precedential, but may be cited for their persuasive value. 10th Cir. R. 32.1.

resulting sentence was both a carrot and a stick—the judge imposed immediate and tangible consequences for violations of court orders and also offered Vigil yet another opportunity to change his behavior.  The lesson may not have been apparent to him, but it is not lost on us.

Had the judge, without explanation, sentenced Vigil to the maximum two years incarceration or simply placed him back on conditional release contrary to all recommendations (except his), we might be left to wonder if she actually considered the evidence, arguments and § 3553(a) factors.  But that is not the case.[10]  The government, the probation officer and even defense counsel recommended a sentence of imprisonment and the court imposed such a sentence within, although at the high end, of the advisory guideline range.

This record, enhanced by common sense, provides ample basis upon which to base our review.  We see no reasonable possibility Vigil would have received a more lenient sentence if the case were remanded for a more thorough explanation. *See United States v. Lutz*, 313 Fed. Appx. 103, 107 (10th Cir. 2008) (unpublished) (concluding defendant failed to satisfy the third prong of plain error review because "[n]othing in the record or [defendant's] argument indicates the district court would have imposed a different sentence had it provided further or more explicit reasoning for the sentence imposed"); *United States v. Rainwater*, 274

---

[10] Being within the guidelines range and in the middle ground of a fairly narrow band of choices, this sentence is one we would be reluctant to reverse in any event.

Fed. Appx. 629, 631 (10th Cir. 2008) (unpublished) (same).

Vigil has not been deprived of his right to challenge the substantive reasonableness of his sentence, as he claims. *See supra* at 15-17. It is obvious from the circumstances of this case and the judge's terse remarks that she considered, but rejected, Vigil's argument that his substance abuse and lack of new criminal violations entitled him to a lesser prison sentence. As to the additional two years of supervised release, which defense counsel opposed,[11] the judge justified it "because there are resources available through the Probation Department to provide [Vigil with] assistance in drug counseling." (R. Vol. III at 11.) Given Vigil's rocky record, that explanation is sufficient.

Because Vigil has not shown the court's error affected his substantial rights, we need not consider the fourth prong of plain error review. We do so, nevertheless, for the sake of completeness.

2. *Prong Four*

Under the fourth prong of plain error review, a defendant must show the court's error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Romero*, 491 F.3d at 1178.

> When determining whether the fourth prong is met, this court looks
> to several non-exclusive factors, including: a showing that the
> district court would likely impose a significantly lighter sentence on
> remand, a substantial lack of evidence to support the sentence the

---

[11] Defense counsel requested a term of incarceration, but no additional supervised release.

Guidelines required the district court to impose, and/or a showing that objective consideration of the 18 U.S.C. § 3553(a) factors warrants a departure from the sentence suggested by the Guidelines.

*United States v. Andrews*, 447 F.3d 806, 813 (10th Cir. 2006) (quotations omitted). None of these factors support Vigil's position. As previously discussed, we see no indication the court would have imposed a lesser sentence if it had provided a more thorough explanation referencing the § 3553(a) factors. Vigil contends the district court's error "has caused grave institutional harm" because this Court cannot effectively review his sentence for substantive reasonableness. (Appellant's Br. at 19.) We find the record more than sufficient for our review and see no risk of grave institutional harm.[12]

B. Substantive Reasonableness

We review a sentence for substantive reasonableness under a deferential

---

[12] We are aware of cases reaching the opposite conclusion. *See, e.g.*, *Acevedo*, 219 Fed. Appx. at 833 (defendant satisfied the fourth prong of plain error review "because the error forecloses our ability to meaningfully review the sentence, thereby seriously affecting the fairness, integrity and public reputation of judicial proceedings."); *see also* *In re Sealed Case*, 527 F.3d at 193 ("The absence of a statement of reasons is prejudicial in itself because it precludes appellate review of the substantive reasonableness of the sentence thus seriously affecting the fairness, integrity, or public reputation of judicial proceedings.") (quotations and citations omitted); *Blackie*, 548 F.3d at 403 ("[t]he absence of a statement [of] reasons . . . seriously affects the fairness, integrity, or public reputation of judicial proceedings" and noting that treating the court's violation of §3553(c) as plain error "will help maintain its requirements as mandatory") (quotations omitted); *United States v. Lewis*, 424 F.3d 239, 247 (2d Cir. 2005) ("a sentencing court's failure to comply with § 3553(c)(2) affects the fairness, integrity, and public reputation of judicial proceedings").

abuse of discretion standard.[13]  *Smart*, 518 F.3d at 805-06.  "Sentences imposed

within the correctly calculated Guidelines range . . . may be presumed reasonable

on appeal."[14]  *Haley*, 529 F.3d at 1311.

> [A defendant] may rebut that presumption by showing that the
> § 3553(a) factors justify a lower sentence.  However, given the
> district court's institutional advantage over our ability to determine
> whether the facts of an individual case justify a variance pursuant to
> § 3553(a) (given that the sentencing judge, for example, sees and
> hears the evidence, makes credibility determinations, and actually
> crafts Guidelines sentences day after day), we generally defer to its
> decision to grant, or not grant, a variance based upon its balancing of
> the § 3553(a) factors.  The district court abuses this discretion when
> it renders a judgment that is arbitrary, capricious, whimsical, or
> manifestly unreasonable.

*Id.* (citations and quotations omitted).  Vigil contends the sentence is

substantively unreasonable because his violations "were the result of his addiction

---

[13] Pursuant to 18 U.S.C. § 3742(a)(4), the standard of review for a sentence "imposed for an offense for which there is no sentencing guideline" is "plainly unreasonable."  We have recognized this is essentially the same as the post-*Booker* reasonableness review.  *See Contreras-Martinez*, 409 F.3d at 1241 n.2; *see also United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007) (concluding "there is no practical difference between *Booker*'s 'unreasonableness' review and the 'plainly unreasonable' standard in [§ 3742(a)(4)]").

[14] In his reply brief, Vigil contends the length of his supervised release is not entitled to a presumption of reasonableness because there is no guideline range for the length of supervised release.  Pursuant to the applicable policy statement, the range of imprisonment was 6 to 12 months.  *See* USSG §7B1.4(a).  The total length of imprisonment plus supervised release could not exceed three years.  *See* 18 U.S.C. §§ 3583(b)(2) & (h).  Vigil's sentence was thus within the calculated range and was neither a departure nor a variance, which would have warranted a different standard of review (though not a presumption of unreasonableness).  *See United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1215 (10th Cir. 2008); *United States v. McComb*, 519 F.3d 1049, 1053 n.3 (10th Cir. 2007), *cert. denied*, 128 S. Ct. 1917 (2008).

that he has worked very hard to overcome." (Appellant's Br. at 40.) He argues: "All the mitigating circumstances combined *require* a sentence lower than the sentence the district court imposed in this case." (Appellant's Reply Br. at 11 (emphasis added).) We beg to differ; these circumstances do not remotely suggest, let alone require, lenity. The sentence imposed reflects a proper balancing of the § 3553(a) factors and we do not hesitate in saying it was reasonable. Though the facts and law at issue could support a range of possible outcomes, the sentence the court imposed here was not arbitrary, capricious, whimsical, or manifestly unreasonable. *See Gall*, 128 S. Ct. at 597 ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."); *see also McComb*, 519 F.3d at 1053 ("[W]e recognize that in many cases there will be a range of possible outcomes the facts and law at issue can fairly support; rather than pick and choose among them ourselves, we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices.").

**AFFIRMED.**

> **Entered by the Court:**
>
> **Terrence L. O'Brien**
> United States Circuit Judge