**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 15, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES of AMERICA,

    Plaintiff - Appellee,

v.

VALERIO MARTINEZ-RAMOS,

    Defendant-Appellant.

No. 20-4084
(D.C. No. 2:17-CR-00748-DS-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BRISCOE**, and **PHILLIPS**, Circuit Judges.
_____

Valerio Martinez-Ramos was sentenced to 18 months in prison followed by 36

months of supervised release for illegally reentering the United States (the "illegal reentry

sentence"). Based on the same conduct, he was sentenced to 6 months in prison for

violating the conditions of supervised release for a prior offense, to run consecutively to

the 18-month prison term (the "revocation sentence").

Mr. Martinez-Ramos appeals the revocation sentence. His appellate counsel has

submitted an *Anders* brief stating the appeal presents no non-frivolous grounds for

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

reversal. After a careful review of the record, we agree. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we grant counsel's motion to withdraw and dismiss this appeal.

## I. BACKGROUND

### A. *First Criminal Case*

In 2018, Mr. Martinez-Ramos was charged with one count of possessing heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and one count of illegal reentry following deportation from the United States, in violation of 8 U.S.C. § 1326. He pled guilty to both counts. The district court sentenced him to 18 months in prison followed by 36 months of supervised release. The court ordered Mr. Martinez-Ramos remanded to Immigration and Customs Enforcement for removal proceedings after his release from prison.

### B. *Second Criminal Case and Revocation of Supervised Release*

In 2020, Mr. Martinez-Ramos was charged again with illegal reentry, in violation of 8 U.S.C. § 1326.[1] The Government also alleged the illegal reentry violated the conditions of supervised release in Mr. Martinez-Ramos's first criminal case.

Mr. Martinez-Ramos pled guilty to the illegal reentry charge and to the allegation that he violated the conditions of supervised release imposed in the first criminal case. For the illegal reentry sentence, the district court imposed a term of 18 months in prison

---

[1] We grant Mr. Martinez-Ramos's Motion to Take Judicial Notice of the Statement in Advance of Plea from the second criminal case, *United States v. Martinez-Ramos*, No. 2:20-cr-00135-DS (D. Utah July 30, 2020), ECF No. 23.

followed by 36 months of supervised release. For the revocation sentence, the court imposed a term of 6 months, to run consecutively to the 18-month illegal reentry sentence.

## C. *Appellate Proceedings*

Mr. Martinez-Ramos, through counsel, filed a timely notice of appeal from the judgment imposing the revocation sentence.[2]

Mr. Martinez-Ramos's counsel filed an opening brief invoking *Anders v. California*, 386 U.S. 738 (1967), which "authorizes counsel to request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). The *Anders* brief addresses whether (1) the district court plainly erred by failing to adequately explain the reasons for the revocation sentence, (2) the revocation sentence is substantively unreasonable, and (3) the district court plainly erred by imposing the revocation sentence to run consecutively to the illegal reentry sentence. Counsel argues all three issues are frivolous.

Counsel served a copy of the *Anders* brief on Mr. Martinez-Ramos by mail. *See* Aplt. Br. at 24 (certificate of service). In addition, the Clerk's office sent the *Anders* brief to Mr. Martinez-Ramos by mail and invited him to respond.[3] Doc. No. 10807999; *see*

---

[2] Mr. Martinez-Ramos did not file a notice of appeal from the judgment imposing the illegal reentry sentence.

[3] The docket notes the Clerk's office sent the package by U.S. Mail with tracking number 70161370000063161352. *See* Doc. No. 10807999. The publicly available record on the USPS website shows this letter was delivered on February 26, 2021, *see*

*United States v. Leon*, 476 F.3d 829, 831 (10th Cir. 2007) (per curiam) ("The defendant

may choose to submit arguments to the court in response [to an *Anders* brief]."). Mr.

Martinez-Ramos has not responded.

## II. **DISCUSSION**

### A. *Standard of Review*

*Anders* provides:

> [I]f counsel finds [the defendant's] case to be wholly
> frivolous, after a conscientious examination of it, he should so
> advise the court and request permission to withdraw. The
> request must, however, be accompanied by a brief referring to
> anything in the record that might arguably support the
> appeal . . . . [T]he court—not counsel—then proceeds, after a
> full examination of all the proceedings, to decide whether the
> case is wholly frivolous. If it so finds it may grant counsel's
> request to withdraw and dismiss the appeal . . . .

386 U.S. at 744. When counsel submits an *Anders* brief, we "conduct[] an independent

review and examination" of the record de novo to determine whether there are non-

frivolous grounds for appeal. *Leon*, 476 F.3d at 832.

---

https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=2&text28777=&tLab
els=70161370000063161352%2C, a fact of which we may take judicial notice, *see
O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not
uncommon for courts to take judicial notice of factual information found on the world
wide web."); Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not
subject to reasonable dispute because it: can be accurately and readily determined from
sources whose accuracy cannot reasonably be questioned.").

## B. *Analysis*

Based on our independent review of the record, we conclude that none of the three issues addressed in the *Anders* brief is non-frivolous. We otherwise have not detected any other non-frivolous issue.

### 1. **Explanation of Sentence**

The *Anders* brief first addresses whether the district court's failure to explain the revocation sentence was procedurally unreasonable.

#### a. *Legal background and standard of review*

"Under 18 U.S.C. § 3583(e)(3), when a person violates a condition of his or her supervised release, the district court may revoke the term of supervised release and impose prison time." *United States v. Kelley*, 359 F.3d 1302, 1304 (10th Cir. 2004). Before imposing a sentence for a supervised release violation, the district court must consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(e).[4] The district court also must consider the policy statements in Chapter 7 of the United States Sentencing Guidelines. *See United States v. Steele*, 603 F.3d 803, 808 (10th Cir. 2010).

---

[4] These factors are "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the need for the sentence to deter criminal conduct, protect the public, and provide the defendant with needed treatment, *id.* § 3553(a)(2)(B)-(D); the sentences and ranges under the applicable Guidelines, *id.* § 3553(a)(4); any "pertinent policy statement," *id.* § 3553(a)(5); the "need to avoid unwarranted sentence disparities," *id.* § 3553(a)(6); and the "need to provide restitution to any victims of the offense," *id.* § 3553(a)(7).

We review sentences for violating supervised release under a "plainly unreasonable" standard. *Kelley*, 359 F.3d at 1304. Under this standard, we will not reverse a revocation sentence "if it can be determined from the record to have been reasoned and reasonable." *United States v. Contreras-Martinez*, 409 F.3d 1236, 1241 (10th Cir. 2005) (quotations omitted). The issue here is whether the sentence was "reasoned," that is, whether it was "procedurally reasonable." *United States v. McBride*, 633 F.3d 1229, 1232 (10th Cir. 2011). Two examples of procedural unreasonableness are a district court's "fail[ure] to consider the § 3553(a) factors" and a "fail[ure] to adequately explain the sentence." *United States v. Vigil*, 696 F.3d 997, 1001 (10th Cir. 2012) (quotations omitted).

"While we require courts to consider the appropriate factors in sentencing defendants and modifying terms of supervised release, we do not require ritualistic incantations of magic words to demonstrate compliance with this requirement." *United States v. Penn*, 601 F.3d 1007, 1011 (10th Cir. 2010) (quotations and alteration omitted). It is "enough if the district court considers § 3553(a) en masse and states its reasons for imposing a given sentence." *Id.* (quotations omitted).

Counsel did not object below, so we review for plain error. "We may reverse an error to which Defendant made no objection only if (1) there is error (2) that is plain (3) that affects substantial rights and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1009 (quotations omitted).

b. *District court's sentencing decisions*

At sentencing, the district court first imposed the illegal reentry sentence. The court stated it reviewed the presentence report, which was a combined report for the illegal reentry sentence and the revocation sentence. The court invited defense counsel, Mr. Martinez-Ramos, and the Government to make statements. The court made findings on the record and imposed the illegal reentry sentence.

The district court then immediately proceeded to the revocation sentence. The parties made additional arguments. The court's revocation sentencing decision consisted of the following:

> The original offense level in this case was a level 21. The original criminal history category was a 2. The Grade B violation that we are here addressing is a custody range of 6-to-12 months, with 36 months less term of imprisonment imposed . . . .
>
> The Court has considered the U.S. Sentencing Commission Chapter 7 policy statements as well as the original guideline range and the disposition options contained in the presentence report and any attachments. The defendant has been found to have violated the terms of supervision. It is the judgment of the Court that the defendant's supervision is revoked and Valerio Martinez-Ramos is committed to the custody of the Bureau of Prisons for a period of 6 months . . . to run consecutive to the sentenced imposed in [the second criminal case], with no term of [supervised release] to follow.

ROA, Vol. III at 43-44.

c. *Analysis*

There is no non-frivolous argument that any error the district court may have committed in failing to explain the reasons for the revocation sentence affected Mr. Martinez-Ramos's substantial rights under plain error review.

On the first two elements of plain error review, defense counsel acknowledges that the district court's explanation for the sentence "was arguably inadequate" and "problematic" to the extent the district court purported to rely on "the original guideline range" and failed to make explicit findings under 18 U.S.C § 3553(a). Aplt. Br. at 8-9.

But even assuming the district court plainly erred, there is no non-frivolous argument that the district court's error affected Mr. Martinez-Ramos's substantial rights. To show that a sentencing error affected a defendant's substantial rights, the defendant must "establish a reasonable probability that, but for the error, the result of the sentencing proceeding would have been different." *United States v. Clark*, 981 F.3d 1154, 1169 (10th Cir. 2020).

Here, the district court found that Mr. Martinez-Ramos's original criminal history category was II and the violation of supervised release was a Grade B violation, *see* ROA, Vol. III at 43, which yielded a range of 6-to-12 months of imprisonment under the applicable policy statement, *see* U.S.S.G. § 7B1.4(a). The 6-month revocation sentence was at the bottom of the applicable range, and we "have no reason to think that the district court would impose a different sentence on remand." *United States v. Paxton*, 422 F.3d 1203, 1208 (10th Cir. 2005).

8

In addition, the district court imposed the revocation sentence immediately after imposing the illegal reentry sentence. In the illegal reentry proceeding, defense counsel made numerous arguments under § 3353(a) factors. *See* ROA, Vol. III at 29-32. During the following revocation proceeding, the court had an extended colloquy with defense counsel and the Government about the interplay between the revocation sentence and the illegal reentry sentence under the applicable policy statements. *See id.* at 38-42. And the court stated it was familiar with the combined presentence report. *See id.* at 38. It was thus aware that Mr. Martinez-Ramos was previously deported three times, *see id.* at 32, and that the discovery of his most recent illegal reentry occurred when a search warrant executed at his residence yielded roughly 1,400 grams of heroin and 744 grams of methamphetamine, *see* Supp. ROA at 16.

The record at the combined sentencing proceedings and the sequencing of the combined proceedings, "enhanced by common sense, provides ample basis upon which to base our review." *United States v. Vigil*, 335 F. App'x 775, 781 (10th Cir. 2009) (unpublished).[5] Viewing the combined sentencing record as a whole, there is no non-frivolous argument that there is a "reasonable possibility [Mr. Martinez-Ramos] would have received a more lenient sentence if the case were remanded for a more thorough explanation." *Id.*

---

[5] Although not precedential, we find the reasoning of unpublished opinions cited in this order and judgment instructive. *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

9

### 2. **Substantive Reasonableness**

The *Anders* brief next addresses the substantive reasonableness of the sentence. We find no non-frivolous argument that the revocation sentence was substantively unreasonable.

We review a challenge to the substantive reasonableness of a sentence for abuse of discretion. *United States v. Barnes*, 890 F.3d 910, 915 (10th Cir. 2018). Because "[i]n virtually every case, many sentences would be reasonable," to prevail on a substantive reasonableness challenge, the defendant must "show that the actual sentence imposed was outside this range of reasonableness." *McBride*, 633 F.3d at 1232. We apply a presumption of reasonableness in reviewing within-guidelines sentences, *see United States v. Kristl*, 437 F.3d 1050, 1055 (10th Cir. 2006), including for revocation sentences that fall within the ranges provided in U.S.S.G. § 7B1.4, *see McBride*, 633 F.3d at 1233. A defendant can rebut the presumption of reasonableness by "demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in 18 U.S.C. § 3553(a)." *Id.* (quotations and alteration omitted).

As explained above, the applicable range in U.S.S.G. § 7B1.4 provided for a 6-to-12-month sentence for the revocation sentence. The 6-month sentence is thus presumptively reasonable.

There is no non-frivolous argument that Mr. Martinez-Ramos could overcome that presumption. Mr. Martinez-Ramos's conduct relating to the supervised release violation was serious: he had a large quantity of narcotics in his home, and he had a history of prior illegal reentries. Under those circumstances, the district court did not abuse its

10

discretion by imposing a bottom-of-the-guidelines sentence. The sentence was not

"arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. DeRusse*,

859 F.3d 1232, 1236 (10th Cir. 2017) (quotations omitted).

### 3. **Consecutive Sentences**

The *Anders* brief next addresses the district court's decision to run the 6-month

revocation sentence consecutively to the 18-month sentence in the second criminal case.

Mr. Martinez-Ramos did not object, and there is no non-frivolous argument that the

imposition of consecutive sentences was plain error.[6]

The applicable policy statement provides that

> [a]ny term of imprisonment imposed upon the revocation of
> probation or supervised release shall be ordered to be served
> consecutively to any sentence of imprisonment that the
> defendant is serving, whether or not the sentence of
> imprisonment being served resulted from the conduct that is
> the basis of the revocation of probation or supervised release.

U.S.S.G. § 7B1.3(f). Though this "is merely an advisory policy statement," we have said

that a "court's election to apply the Chapter 7 advisory policy statement [when imposing

consecutive sentences] exactly as written [i]s not unreasonable." *United States v.*

*Contreras-Martinez*, 409 F.3d 1236, 1241 (10th Cir. 2005).

---

[6] Mr. Martinez-Ramos asked the district court at sentencing "for no additional penalty" for the revocation sentence because the calculation of the illegal reentry sentence meant that Mr. Martinez-Ramos "has already been penalized for his being on supervision for [the first criminal case] by his [illegal reentry sentence] that the Court just imposed." ROA, Vol. III at 40. But he made no specific argument that would have "adequately alert[ed] the district court" that he objected to running the revocation sentence consecutively to the illegal reentry sentence, so we review for plain error. *United States v. Finnesy*, 953 F.3d 675, 690 (10th Cir. 2020).

The district court adhered to the plain language of the policy statement by imposing the revocation sentence to run consecutively to the illegal reentry sentence. Even though both sentences were based on the same conduct, the policy statement expressly permits consecutive sentences in that situation. *See* U.S.S.G. § 7B1.3(f).

Even if we assume the district court erred by failing to explain the precise reasons for imposing consecutive sentences, any error was not plain. As in *Contreras-Martinez*, the district court stated it "considered the U.S. Sentencing Commission Chapter 7 policy statements" when making its sentencing determination. ROA, Vol. III at 43; *Contreras-Martinez*, 409 F.3d at 1241. We have not located any "controlling precedent from the Supreme Court or the Tenth Circuit that establishes" that a district court errs when it simply invokes the Chapter 7 policy statements before imposing a consecutive sentence for violating supervised release, which precludes a finding of plain error. *See United States v. Garcia*, 946 F.3d 1191, 1210 (10th Cir. 2020).

## III. **CONCLUSION**

Our independent review of the record found no non-frivolous grounds for reversal based on the issues addressed in the *Anders* brief. Nor have we uncovered any other non-frivolous grounds for reversal not addressed in the *Anders* brief. We grant counsel's motion to withdraw and dismiss the appeal.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge

12